

FILED
MAY 16 2022
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| HENRY CHASE ALONE a/k/a HENRY BLACK ELK,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:22-CV-5020-CBK<br><br><br><br>**MEMORANDUM AND ORDER** |

## I. BACKGROUND

Henry Chase Alone, a/k/a Henry Black Elk, ("petitioner") was found guilty by a jury of his peers of two counts of Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a),(e); and one count of Aggravated Incest, violative of 18 U.S.C. § 1153, SDCL § 22-22A-3. 5:18–CR–50117–JLV, ("C.R.")[1] doc. 74. The underlying facts can only be described as horrific.

Petitioner's two exploitation convictions relate to forcing his 15-year-old daughter, G.R.N., of having sexual intercourse with her former boyfriend, N.H. Mr. Chase Alone informed G.R.N. that he wished to video record her having sexual relations with N.H., which he did through a camera he installed in her bedroom. However, during the forced sexual acts, the petitioner told G.R.N. that N.H. must leave right away so that he could have sex with her as well. N.H. left the house and Chase Alone had sexual intercourse with his daughter (one of many times). Upon a search of his laptop computer, six different videos containing child pornography were uncovered, five of G.R.N. having sex with N.H., one of the young girl enduring sexual relations with Chase Alone. Chase Alone was convicted on sexually exploiting both G.R.N. and N.H.

---

[1] References to the underlying criminal proceedings are referred to as "C.R."

The incest conviction stemmed from forced sexual intercourse on August 20, 2018, with his minor daughter, G.R.N. G.R.N.'s son, who was born on July 24, 2018, and immediately taken away by the South Dakota Department of Social Services because of safety concerns, was fathered by the petitioner: the baby is a product of forced incest. In the "Offense Behavior Not Part of Relevant Conduct" portion of the United States Probation Office's Final Pre-Sentence Investigation Report, G.R.N. "estimated she had sex with the [petitioner] close to 100 times and she was afraid he would kill her if she did not continue." C.R. doc. 156 at ¶ 66. This Court can only begin to fathom the unimaginable cruelty and sexual trauma imposed on a defenseless child time and time again by her own father. On one instance, the petitioner forced G.R.N. to have sex with him while driving home from a wake in North Dakota. "A few days [after the sexual attack], the [petitioner] threatened G.R.N. with a knife and put his hands on her neck, strangling her. She blacked out and could not recall what happened . . . [but] [s]he thought the [petitioner] may have had sex with her." Id. But Chase Alone was not the only adult who took advantage of G.R.N.: G.R.N. reported that her father would find people on Craigslist and elsewhere to have sex with her, where she would receive $20–$40 (which would be given to Chase Alone), and one time simply for a pack of cigarettes. Id. G.R.N. estimated that the petitioner allowed men to have sex with her approximately 21 times. The petitioner did not object to these specific findings in the Pre-Sentence Investigation Report. See C.R. doc. 140. Chase Alone has ventured to the outer limits of abominable horrors that a parent can inflict upon his own daughter.

Mr. Chase Alone sought an interlocutory appeal of his guilty verdicts before sentencing, C.R. doc. 75, which was ultimately dismissed for lack of jurisdiction by the United States Court of Appeals for the Eighth Circuit. C.R. doc. 84. After this matter was back within this Court's jurisdiction, it ultimately sentenced Chase Alone to the statutory maximum term of 360 months imprisonment for the first Sexual Exploitation of a Minor conviction; 360 months imprisonment for the second Sexual Exploitation of a Minor conviction; and 180 months for the Aggravated Incest convictions. C.R. doc. 161. All counts were to run consecutively to one another, for a total of 900 months. Id.

Petitioner was also sentenced to a term of lifetime supervised release on all counts. Id. Mr. Chase Alone timely appealed his convictions and sentences to the Eighth Circuit, C.R. doc. 162. On appellate review, the Circuit Court affirmed the convictions. United States v. Chase Alone, 822 Fed.Appx. 513 (8th Cir. 2020) (per curiam) (*unpublished*). The petitioner is currently incarcerated at United States Penitentiary – Tucson, with an expected release date of September 27, 2082. Mr. Chase Alone has two unrelated pending motions in his criminal appeal that are irrelevant to this instant matter. See C.R. docs. 196, 197.

Petitioner first pursued timely collateral review of his underlying criminal proceedings through a motion to vacate under 28 U.S.C. § 2255 pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on March 22, 2021. 5:21–CV–5017–JLV. However, Chase Alone moved for voluntary dismissal of the motion without prejudice, which this Court granted. Petitioner again filed a motion to vacate pursuant to 28 U.S.C. § 2255 on February 22, 2022, which this Court now considers under initial review. As this Memorandum and Order explains, this petition is untimely, and the motion should be denied.

## II. DISCUSSION
### A. Whether the Petition is Untimely

The first question that this Court must ask is whether Mr. Chase Alone's petition is timely under AEDPA. The petitioner received his mandate from the Eighth Circuit on October 20, 2020. C.R. doc. 195. Five months later, Chase Alone filed his first § 2255 petition concerning ineffective assistance of counsel violative of his Sixth Amendment rights under the United States Constitution. See 5:21–CV–5017–JLV ("First Habeas Petition"). However, Chase Alone moved to dismiss his first § 2255 without prejudice, in order to "submit a more comprehensive motion to vacate with proper supporting papers" later before the expiration of his one-year statute of limitations. FIRST HABEAS PETITION, doc. 6 at 2. This Court granted the motion to dismiss without prejudice. FIRST HABEAS PETITION, doc. 7.

Chase Alone filed his second habeas petition, this instant proceeding, on February 22, 2022. Because Chase Alone's first petition was voluntarily dismissed without prejudice, he is not penalized for filing a second, or successive, petition. So, then, is this most recent motion to vacate timely?

Because Mr. Chase Alone did not petition the United States Supreme Court for *certiorari* concerning his underlying criminal proceeding's direct appeal, his conviction became final 90 days after receiving the Eighth Circuit's mandate. And as this Court has explained, the mandate was issued on October 20, 2020. C.R. doc. 195. Accordingly, the petitioner's conviction became final on January 18, 2021. Petitioner's one-year statute of limitations to file his motion to vacate expired on January 18, 2022. See 28 U.S.C. § 2255(f)(1) (explaining clock for statute of limitations begins running on "the date on which the judgment of conviction becomes final"). This instant petition, then, is untimely unless it can somehow relate back to the prior petition dismissed without prejudice. Because it cannot, Mr. Chase Alone's petition is untimely and should be dismissed.

The only hope for petitioner is whether this motion can somehow "relate back" to his prior (timely) petition before this Court. However, case law is clear that it cannot. In White v. Dingle, the Eighth Circuit tackled whether White's amended petition could relate back "to the date when the original petition [which had been dismissed without prejudice] had been filed." 616 F.3d 844, 845 (8th Cir. 2010). If it could, then the amended petition would be timely. If not, it wouldn't. While analyzed within the context of a § 2254 motion, the Circuit Court's analysis fits well for § 2255 motions as well. The White Court adopted the reasoning of other circuit courts "in holding that a second or amended habeas petition cannot relate back to the time at which the original petition was filed." Id. In explaining its holding, the Eighth Circuit noted:

> There are persuasive theoretical and practical justifications for this outcome. Theoretically, there is nothing to which such an amendment can relate back, because the dismissed petition is no longer pending. From a technical standpoint, the original petition no longer exists and it is as if the original petition had never been filed. From a practical standpoint,

4

> permitting relation-back risks "eviscerat[ing] the AEDPA limitations period and thwart[ing] one of AEDPA's principal purposes," which was to expedite federal habeas review. Graham v. Johnson, 168 F.3d 762, 780 (5th Cir.1999). Courts rightly fear that permitting relation-back would allow petitioners to use an original petition as a placeholder, thereby indefinitely tolling the statute of limitations. The end result of such an approach would be an exception that threatens to swallow the entire rule. Accordingly, the district court properly determined that White's amended habeas petition could not relate back to the date his original petition was filed.

Id. at 847 (internal citation omitted) (alterations in original). See also Watkins v. Hobbs, 2012 WL 5948909, at *2 (W.D. Ark. Oct. 4, 2012) (applying White).

The logic of White soundly fits here. By dismissing his first petition without prejudice, this Court cannot treat it as somehow still pending when "[f]rom a technical standpoint, [it] no longer exists." White, 616 F.3d at 847. Additionally, the clock did not pause while this Court earlier had the first petition under initial review. See id. at 846 ("The potential peril for the unwary habeas petitioner is exacerbated by the fact that the limitations period is not tolled while a petition is pending in federal court."). To consider this petition as relating back to the first petition would eviscerate the limitations AEDPA put in place to ensure such motions were timely reviewed by federal courts. To do anything else would go against clear statutory commands.

However, "[t]his conclusion does not end our inquiry." Id. at 847. This Court must still assess whether equitable tolling is appropriate in this matter. "Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way." Id. (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). See also English v. United States, 840 F.3d 957, 958 (8th Cir. 2016) (applying Holland in § 2255 context). But this Court need not venture far into equitable tolling analysis when the petitioner makes no effort at justifying his untimely filings under either prong. As such, this motion is untimely and should be denied.

5

### III. CONCLUSION

There are no words to describe the atrocities Chase Alone inflicted upon his own daughter. Raping G.R.N. nearly 100 times, *impregnating his own underage daughter*, selling G.R.N. out for sex in return for pocket change or cigarettes, and forcing her to have sex with N.H. so that he could record it, the petitioner has abused his child countless times over. Referring to the underlying convictions as heinous and atrocious does not do it justice. As this Memorandum and Order explained, this petition is untimely and should be dismissed.

IT IS HEREBY ORDERED that petitioner Henry Chase Alone's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Doc. 1, is denied.

## TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner was found guilty of two counts of Sexual Exploitation of a Minor and one count of Aggravated Incest. Mr. Henry Chase Alone was sentenced to 360 months imprisonment on the first Sexual Exploitation of a Minor conviction; 360 months imprisonment on the second Sexual Exploitation of a Minor conviction; and 180 months imprisonment on the Aggravated Incest conviction. All convictions run consecutive to one another and are followed by a lifetime of supervised release. Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel, violative of his Sixth Amendment Rights under the United States Constitution. I summarily denied the Motion to Vacate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. Any application for a certificate of appealability is denied. This is no way hampers the petitioner's ability to request issuance of the certificate by a United States Circuit Judge pursuant to Federal Rule of Appellate Procedure 22.

DATED this 16th day of May, 2022

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge