UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION



FILED
SEP 26 2022

| | |
|---|---|
| HENRY CHASE ALONE a/k/a HENRY BLACK ELK,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:22-CV-5020-CBK<br><br><br>ORDER |

Petitioner was convicted of two counts of sexual exploitation of a minor and one count of aggravated incest, arising out of forcing his 15-year-old daughter to have sexual intercourse with her boyfriend and many others and repeatedly forcing her to have sexual intercourse with petitioner. He was sentenced to 360 months imprisonment for each of the sexual exploitation convictions and 180 months for the incest conviction, all such sentences to run consecutively to one another, for a total of 900 months. He appealed his convictions and sentences and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Chase Alone, 822 Fed.Appx. 513 (8th Cir. 2020) (per curiam) (*unpublished*).

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was denied upon initial review as untimely and a certificate of appealability was denied. Petitioner sought a certificate of appealability from the Eighth Circuit. The Eighth Circuit granted a certificate of appealability on the claim that counsel rendered ineffective assistance in plea negotiations and remanded that claim for further proceedings on the merits. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner contends that the prosecution made a "15 year plea offer." He claims that counsel was ineffective in failing to accurately advise him concerning the desirability and benefits of accepting the plea offer, including advising petitioner of a likely guideline range if convicted of the charges after a trial. Petitioner contends that counsel's alleged deficient performance deprived petitioner of the opportunity to make an informed decision whether to accept the proposed plea offer. Good cause appearing,

IT IS ORDERED:

1. The Clerk of Court shall deliver or serve a copy of the motion to vacate and a copy of this order upon the United States Attorney for the District of South Dakota.

2. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the United States Attorney in and for the District of South Dakota shall serve and file an answer or responsive pleading to the claim that counsel was ineffective in failing to provide effective assistance of counsel in relation to a proposed plea offer, together with a legal brief or memorandum in support thereof, that complies with Rule 5 of the Rules Governing § 2255 Proceedings on or before October 31, 2022.

3. Petitioner may submit a reply to the government's answer on or before 30 days after receipt of the government's answer.

DATED this 26th day of September, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

2