

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| HENRY CHASE ALONE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 5:22-CV-05020-CBK<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND ORDER DENYING CERTIFICATE OF APPEALABILITY |

  This civil proceeding arises from Henry Chase Alone's criminal conviction for two child-exploitation offenses and an incest offense after being found guilty by a jury of his peers.[1] Chase Alone was sentenced to 900 months, or 75 years, in federal prison. The Eighth Circuit Court of Appeals affirmed Chase Alone's conviction on direct appeal and he now challenges his conviction under 28 U.S.C. § 2255.[2] This Court previously dismissed Chase Alone's § 2255 petition for being untimely. The Eighth Circuit granted a certificate of appealability on one of Chase Alone's ineffective assistance of counsel claims, vacated the Court's order with respect to that claim, and remanded the case for further proceedings to address the merits of the claim. This matter is again before the Court on the United States of America's motion to dismiss, which the Court grants.

**I. Background**

  The facts supporting Chase Alone's conviction are heinous. The Court described Chase Alone's acts in its first memorandum opinion dismissing his § 2255 petition. See

---

[1] The Honorable Judge Viken presided over Chase Alone's trial in 5:18-CR-50117-JLV.
[2] The Eighth Circuit affirmed Chase Alone's conviction in United States v. Chase Alone, 822 F. App'x 513 (8th Cir. 2020) (per curiam) (unpublished).

1

Doc. 7. Chase Alone's fifteen-year-old daughter began living in his house in 2016. Over the next couple years, Chase Alone violently raped his daughter close to 100 times. Chase Alone sold his daughter for sex in exchange for $20-40 and in one case, a pack of cigarettes. After his daughter said that she liked another boy her own age, Chase Alone beat his daughter with a hammer and refused to allow her to go to the hospital for medical treatment. Chase Alone forced his daughter to invite the boy over for a sexual encounter that he wanted to record, and after it happened, he kicked the boy out of the house and proceeded to also have sex with his daughter. In addition to severely abusing his daughter physically, Chase Alone also killed her pet guinea pigs to inflict more trauma upon her. Chase Alone's repeated rapes of his daughter eventually resulted in pregnancy and the birth of a baby boy, who his daughter gave up for adoption. Before sentencing Chase Alone to 75 years in federal prison, the presiding judge stated, "This is among the most serious forms of criminal exploitation of two minors and of aggravated incest that I have ever seen." This Court agrees.

Chase Alone now collaterally attacks his conviction under 28 U.S.C. § 2255 claiming that he was denied the adequate assistance of counsel. The Eighth Circuit affirmed his conviction on September 24, 2020, and its judgment became final on October 20, 2020. Ordinarily, Chase Alone would have 90 days to petition the United States Supreme Court for certiorari concerning his direct appeal. See Supreme Court Rule 13.1. But on March 19, 2020, the Supreme Court entered an order extending that deadline to file a petition for a writ of certiorari to 150 days of a lower court's judgment due to the COVID-19 pandemic.[3] The Supreme Court rescinded that order extending the deadline on July 19, 2021.[4] 28 U.S.C. § 2255(f) gives Chase Alone a one-year period after his conviction became final to file a timely petition for relief. Because the Eighth Circuit issued its mandate after March 19, 2020, he had 150 days to file a petition for

---

[3] Miscellaneous Order, March 19, 2020, https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf.
[4] Miscellaneous Order, July 19, 2021, https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf.

2

certiorari with the Supreme Court. Chase Alone did not choose to file a petition for certiorari with the Supreme Court, so his one-year clock started ticking on approximately March 19, 2021.

Chase Alone first pursued relief under § 2255 by filing a motion to vacate his sentence on March 22, 2021. See 5:21-CV-5017-JLV. Chase Alone moved to voluntarily dismiss that petition without prejudice, which the Court granted on June 1, 2021. Chase Alone then filed this motion to vacate on February 22, 2022. This Court granted the United States' motion to dismiss Chase Alone's § 2255 petition on May 16, 2022 on the grounds that the petition was untimely. The Eighth Circuit granted a certificate of appealability for Chase Alone's claim that his counsel rendered ineffective assistance in plea negotiations, vacated this Court's order with respect to that claim, and remanded the case to be decided on the merits. See Doc. 14.

**II.     Analysis**

Chase Alone contends that he was denied the effective assistance of counsel during plea bargaining and requests an evidentiary hearing to substantiate his claim. Of course, "[t]he Sixth Amendment right to effective assistance of counsel includes representation during the plea bargaining process." Mayfield v. United States, 955 F.3d 707, 711 (8th Cir. 2020) (citing Missouri v. Frye, 566 U.S. 134, 143–47 (2012)). "[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 373 (2010)). When a plea bargain has been offered, "a defendant has the right to effective assistance of counsel in considering whether to accept it." Id. (quoting Lafler v. Cooper, 566 U.S. 156, 168 (2012)).

The familiar Strickland test applies to claims of ineffective assistance of counsel within the plea-bargaining context. Frye, 566 U.S. at 140 (citing Hill v. Lockhart, 474 U.S. 52, 57 (1985)). "To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel's performance was deficient, and that he suffered prejudice as a result." Mayfield, 955 F.3d at 710 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). This test is not easy to satisfy. See Padilla, 559 U.S. at 371 ("Surmounting

3

Strickland's high bar is never an easy task."). To establish deficiency, Chase Alone must show that his counsel's performance fell "below the range of competence demanded of attorneys in criminal cases." Bass v. United States, 655 F.3d 758, 760 (8th Cir. 2011). The Court "will not find an attorney's performance constitutionally deficient unless it is outside the 'wide range of reasonable professional assistance.'" Love v. United States, 949 F.3d 406, 410 (8th Cir. 2020) (quoting Strickland, 466 U.S. at 689). The Court makes "every effort to eliminate the distorting effects of hindsight and consider[s] performance from counsel's perspective at the time." O'Neil v. United States, 966 F.3d 764, 771 (8th Cir. 2020) (quoting Love, 949 F.3d at 410). To prevail on a claim for ineffective assistance of counsel, Chase Alone must also show prejudice. See Strickland, 466 U.S. at 691–92. Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Chase Alone also requests an evidentiary hearing to substantiate his claim. "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." United States v. Sellner, 773 F.3d 927, 929 (8th Cir. 2014) (quoting Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013)). "The district court is not permitted to make a credibility determination on the affidavits alone." Id. (quoting Thomas, 737 F.3d at 1206). But "[a] § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Ford v. United States, 917 F.3d 1015, 1026 (8th Cir. 2019) (quoting United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005)).

The record at this point conclusively refutes Chase Alone's claim. At the outset, Chase Alone provides no evidence whatsoever that he was offered the 15-year plea deal that he consistently references. Instead, the record shows that the Government offered

4

Chase Alone a deal to plead guilty on Counts I and III of the Superceding Indictment. Aff. of Megan Poppen, Doc. 29 at 1; Aff. of Jennifer Albertson, Doc. 23 at ¶ 4a. The Government would dismiss Count II and recommend a 15-year sentence for the first count, the statutory minimum, and a consecutive sentence within the statutory limits on the third count, which has a statutory maximum of 15 years. Aff. of Megan Poppen, Doc. 29 at 2; Aff. of Jennifer Albertson, Doc. 23 at ¶ 4a. There is nothing in the record to suggest that Chase Alone would have received a 15-year sentence.

Chase Alone's allegations to show deficient performance are conclusory statements that repeat almost word for word the required language to claim ineffective assistance of counsel from various binding precedents cases. Chase Alone's allegations of prejudice are similarly conclusory. Although a petitioner can show prejudice if the record suggests that they were willing to accept a plea offer, here, nothing in the record remotely suggests that Chase Alone was willing to accept responsibility for his reprehensible actions by pleading guilty. Chase Alone apparently argues that his allocution where he seemingly asked for the death penalty in lieu of a lengthy prison sentence is akin to accepting responsibility for his offenses. But Chase Alone also attempted to provide an innocuous explanation for the events underlying the convictions in his presentence report that would almost exculpate him completely. Chase Alone additionally seems to ignore completely the sworn statements from his defense attorney. She stated that Chase Alone maintained his wish for a jury trial and had no interest in engaging in plea negotiations. Aff. of Jennifer Albertson, Doc. 23 at ¶ 3. She stated that Chase Alone indicated "he would accept 3 years as a sentence for his charges and could do as many as 5 years. He would only accept a plea to those terms." Aff. of Jennifer Albertson, Doc. 23 at ¶ 4e. Chase Alone does not contradict this factual assertion and also ignores the sworn statements from the prosecution. The prosecutor attached a timely email exchange where Chase Alone's defense attorney specifically stated that she relayed the plea offer to Chase Alone in the jail. Aff. of Megan Poppen, Doc. 29–1 at 1. Defense counsel wrote, "Just left the jail where I relayed your offer. Henry [Chase Alone] told me what I could do with it. I know the answer, but I have to ask, are you willing to negotiate

for concurrent?" Id. The prosecution responded, "We do not feel that concurrent is appropriate." Id. Rather than showing deficient performance and prejudice, the record here shows a defense attorney who did her best with a client who believed that his contemptible actions were worthy of only a very minimal punishment. To the extent that any of Chase Alone's allegations are factual, they are inherently incredible and contradicted by the record. For that reason, the United States of America's motion to dismiss Chase Alone's motion to vacate his sentence is granted. For the same reasons, Chase Alone's motion for an evidentiary hearing is denied.

### III. Conclusion

Now, therefore,

IT IS ORDERED:

1. Henry Chase Alone's motion to vacate (Doc. 1) is denied.
2. Henry Chase Alone's motion for an evidentiary hearing (Doc. 31) is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner filed a motion to vacate, set aside, or correct his conviction and sentence for two counts of Sexual Exploitation of a Minor and one count of Aggravated Incest contending that he received ineffective assistance of counsel with respect to the negotiation of a guilty plea. Following a jury trial, Chase Alone was sentenced to 360 months imprisonment for each exploitation conviction and 180 months imprisonment on the incest conviction. All terms of imprisonment run consecutive to one another and are followed by a lifetime of supervised release. Following a review of that claim on its merits, the motion is denied.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. Any application for a certificate of appealability is denied. This is no way hampers the

petitioner's ability to request issuance of the certificate by a United States Circuit Judge pursuant to Federal Rule of Appellate Procedure 22.

DATED this 13th day of April, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge